# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No.: 1:20-cv-17 |
| KIMBERLY ANN KILBOURN f/k/a KIMBERLY ANN WALLENTA and THERESA M. WALLENTA, | |
| Defendants. | |

## COMPLAINT IN INTERPLEADER

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorneys, for its Complaint in Interpleader alleges as follows:

### PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of Nevada.

2. Upon information and belief, Kimberly Ann Kilbourn f/k/a Kimberly Ann Wallenta ("Kimberly") is an adult citizen who is domiciled in Texas and resides at 19753 Kilbourn Rd., Harlingen, Texas 78550.

3. Upon information and belief, Theresa M. Wallenta ("Theresa") is an adult citizen who is domiciled in Nevada and resides at 4461 Satinwood Dr., Las Vegas, Nevada 89147.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under the provisions of 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of the United States. At issue are life insurance plan benefits provided to the Department of Veterans Affairs pursuant to the Servicemembers' Group Life Insurance Act, 38 U.S.C. 1965 *et seq*.

5. This Court also has jurisdiction under 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Prudential is a New Jersey citizen for diversity purposes, and upon information and belief, the Defendants are citizens of Texas and Nevada.

6. This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). Upon information and belief, the Defendants are citizens of Texas and Nevada.

7. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

8. Prudential, through the Office of Servicemembers' Group Life Insurance ("OSGLI"), provides group life insurance benefits pursuant to the Servicemembers' Group Life Insurance ("SGLI") statute, 38 U.S.C. 1965 *et seq*., to the United States Department of Veterans

Affairs under group policy number G-32000 ("SGLI Plan"). *A true and correct copy of the SGLI Plan and its amendments are attached hereto as **Exhibit A**.*

9. As an eligible veteran of the United States Navy, Thomas R. Wallenta (the "Insured"), at all times relevant, received veterans' group life insurance ("VGLI") coverage under the SGLI Plan (the "VGLI Coverage").

10. By Application for Veterans' Group Life Insurance dated July 13, 1997, the Insured designated KIMBERLY ANN WALLENTA, identified as his ex-wife, as the Principal beneficiary entitled to receive all of the VGLI Plan death benefits, and KALI ANN WALLENTA and CASHAY ELIZABETH WALLENTA, identified as his daughters, as the contingent beneficiaries in equal shares. *A true and correct copy of the Application for Veterans' Group Life Insurance dated July 13, 1997 is attached hereto as **Exhibit B**.*

11. Upon information and belief, the Insured died on July 6, 2019. *A true and correct copy of the Death Certificate is attached hereto as **Exhibit C**.*

12. As a result of the death of the Insured, VGLI Coverage death benefits in the amount of $200,000 became due to a beneficiary or beneficiaries (the "Death Benefit") and Prudential concedes liability to that effect.

13. By email and letter dated September 6, 2019, Theresa, the Insured's surviving spouse, contested the most recent VGLI Coverage beneficiary designation which did not name her as a beneficiary, alleging, *inter alia*, that marital assets had been used to make monthly premium payments for more than 20 years. *True and correct copies of the email and letter dated September 6, 2019 respectively (enclosures and attachments not included) are attached hereto as **Exhibits D and E**.*

14.     By letter dated September 10, 2019 to Theresa, Prudential acknowledged receipt of Theresa's correspondence disputing payment of the Death Benefit and advised that it would extend its review period to provide her the opportunity to take whatever action she deemed necessary to protect her interests. *A true and correct copy of the letter dated September 10, 2019 is attached hereto as **Exhibit F***.

15.     By Claim for Death Benefits form dated September 11, 2019, Kimberly asserted a claim for the Death Benefit. *A true and correct copy of the Claim for Death Benefits form dated September 11, 2019 is attached hereto as **Exhibit G***.

16.     By an Order Appointing Special Administrator and For Issuance of Letters of Special Administration issued by the District Court of Clark County, Nevada on September 17, 2019, the district court ordered, in relevant part, that Theresa be appointed as the Special Administrator for the Estate of the Insured and is authorized and directed to obtain any and all documents relating to the SGLI Plan and VGLI Coverage. *True and correct copies of the Order dated September 17, 2019 and Letters of Special Administration dated September 17, 2019 are attached hereto as **Exhibits H and I**, respectively*.

17.     There have been no other claims to the Death Benefit.

18.     No portion of the Death Benefit has been paid.

19.     Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading parties, Prudential is or may be exposed to multiple liability.

20.     Prudential is ready, willing and able to pay the Death Benefit, plus applicable interest, if any, in accordance with the terms of the SGLI Plan to whomever this Court shall designate.

21. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom said benefits should be paid.

22. Prudential accordingly will deposit with the Court the Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court, or pursuant to an Order of the Court, will pay the Death Benefit directly to whomever this Court determines to be entitled to the proceeds.

23. There is no fraud or collusion between Prudential and any of the other parties. Prudential brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(b) requiring the Defendants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(c) permitting Prudential to deposit the amount of the Death Benefit, plus applicable interest, if any, into the Registry of the Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out as this Court shall direct;

(d) discharging Prudential from any and all further liability to the Defendants that relates in any way to the Insured's coverage under the SGLI Plan, the VGLI Coverage, and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(e) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court in connection with payment of the Death Benefit or otherwise in connection with the Insured's coverage under the SGLI Plan, the VGLI Coverage, and/or Death Benefit;

(f) awarding Prudential its attorneys' fees and costs in their entirety; and

(g) awarding Prudential any other and further relief that this Court deems just and proper.

Dated: January 31, 2020				Respectfully Submitted,


						*/s/ Steven D. Seybold*
						Sinead O'Carroll
						Texas Bar No. 24013253
						Southern District Bar No. 567095
						Steven D. Seybold (*Attorney in charge*)
						Texas Bar No. 24098409
						Southern District Bar No. 3108738
						REEVES & BRIGHTWELL LLP
						221 W. Sixth St., Suite 1000
						Austin, Texas 78701
						(512) 334-4500
						(512) 334-4492 facsimile
						sseybold@reevesbrightwell.com
						socarroll@reevesbrightwell.com

						*Counsel for Plaintiff,*
						*The Prudential Insurance Company of America*